## MACKENZIE v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 30, 1913.)

No. 1,794.

1. CRIMINAL LAW (§ 805*)—TRIAL—INSTRUCTIONS—REQUESTED CHARGE—DEFINITENESS.

In a prosecution for using the mails in furtherance of a scheme to defraud, a requested charge that an honest belief by the defendant of the truth of the "statements" was a defense was properly refused for indefiniteness as to what "statements" were referred to.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1958, 1989; Dec. Dig. § 805.*]

2. CRIMINAL LAW (§ 829*)—TRIAL—REQUESTED CHARGE—INSTRUCTIONS GIVEN.

Where, in a prosecution for using the mails in furtherance of a scheme to defraud, the court in various ways charged that in order to convict the jury must find not only that the scheme was false, but that it was known to be false by accused, that he knew his representations made through the mails in order to further the scheme were untrue, etc., such instructions sufficiently covered a requested charge that an honest belief by defendant of the truth of the statements made by him was a defense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Robert M. Mackenzie was convicted of using the mails in furtherance of a scheme to defraud, and he brings error. Affirmed.

James A. Wakefield, of Pittsburgh, Pa., and Robert P. Kennedy, of Uniontown, Pa., for plaintiff in error.

E. Lowry Humes, U. S. Atty., of Meadville, Pa., and R. M. Gibson, Asst. U. S. Atty., of Pittsburgh, Pa.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The defendant was indicted under section 215 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [U. S. Comp. St. Supp. 1911, p. 1653]) for using the mails in furtherance of a scheme to defraud. He was convicted, and is now complaining because the trial judge declined to give the following instruction:

"1. That an honest belief by the defendant as to the truth of the statements is a defense."

[1, 2] Usually, in order that the judge may have time to consider requests to charge, they should be handed up before either counsel addresses the jury, and it may be that Judge Young declined to answer the foregoing request because (with two others) it was offered too late. But, in any event, it was properly declined for two reasons: (1) Because it was indefinite, since it did not point out with sufficient precision what "statements" were referred to; and (2) (without laying weight

on this consideration, and assuming that the "statements" mean the letters that are set out in the indictment) because the general charge had fully covered the ground. The learned judge repeatedly instructed the jury that the defendant must have known the scheme to be false. He said, inter alia:

"In other words, this statute aims at any scheme to defraud which is false in fact, and known to the person executing it to be false. * * * You see, therefore, that this statute is aimed at a scheme to defraud which is false, which is known to be false by the person, and in furtherance of which the United States mails are used. * * * So you see that there enters into it the question of the falsity of the representations; the knowledge of the person at the time that his scheme is untrue," etc.

Still further, he told the jury that the government was charging that the defendant's assertions in his letters—

" * * * were untrue; that they were known to be untrue by the defendant; that he used the United States mails in further execution of this fraud."

And was also charging that the defendant knew that the letters sent to him by certain witnesses for the government—

" * * * showed no condition of disease; that the defendant knew that they showed no condition of disease, but, notwithstanding that, by his correspondence or his letters he led the persons sending those letters to believe that they were suffering with serious disease which he could cure; that this was false; and that he knew it to be false."

In another part of the charge he stated that the government was asserting that the defendant "professed to cure certain diseases that he could not cure, and which he knew he could not cure," adding that if defendant's advertisement was false, "and known to be false by the defendant, and he was attempting to gain money from persons upon this advertisement, and used the mails in execution of it, then a scheme to defraud exists." The charge also called attention to the fact that the defendant had testified to the truthfulness of his statements, saying that he was required to meet the assertion that by "pretending" to diagnose a disease from the symptom blanks he was furthering a scheme to defraud. And at the very end the judge again directed the jury to the defendant's position "that there was no scheme to defraud, (and) that what he stated in his advertisement was true."

These instructions were adequate, and fully covered the point to which the foregoing request was directed. It is well settled that no error is committed by declining a point that has been answered in the general charge. Coffin v. United States, 162 U. S. 672, 16 Sup. Ct. 943, 40 L. Ed. 1109.

The judgment is affirmed.